Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JUAN A. SÁNCHEZ RIVOLEDA<br><br>Peticionario<br><br>v.<br><br>JANIRKA SÁNCHEZ RIVOLEDA<br><br>Recurrida | TA2026CE00494 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Pensión entre parientes<br><br>Caso Núm. SJ2025RF00679 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de mayo de 2026.

El peticionario, Juan A. Sánchez Rivoleda (en adelante, peticionario o Sánchez Rivoleda), comparece ante nos y solicita la revisión de la *Resolución y Orden* emitida el 24 de marzo de 2026, notificada el 6 de abril de 2026, por el Tribunal de Primera Instancia, Sala de San Juan. Mediante esta, el Foro Primario ordenó al Procurador del Programa para Sustento de Personas de Edad Avanzada (en adelante, PROSPERA) a informar las gestiones realizadas para localizar a la recurrida, Janirka Sánchez-Rivoleda Ponce (en adelante, recurrida), así como que ordenó a las partes a cumplir con los procesos de mediación, según lo dispuesto en la *Ley para el Fortalecimiento del Apoyo Familiar y Sustento de Personas de Edad Avanzada*, Ley Núm. 168 de 12 de agosto de 2000, según enmendada, 8 LPRA sec. 711 *et seq.*

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

**I**

El 12 de mayo de 2025, el señor Sánchez Rivoleda, presentó, por derecho propio, la *Demanda* de epígrafe.[1] En el pliego, el peticionario alegó que la recurrida era vecina de Nueva Jersey, en los Estados Unidos. Expuso que, a sus 86 años de edad, se encontraba en una situación de económica de total indefensión. Adujo que, a pesar de los múltiples intentos extrajudiciales realizados por este, la recurrida se ha negado a prestarle la ayuda que, a su juicio, necesita. Sostuvo que, conforme a las disposiciones del Código Civil de Puerto Rico, 31 LPRA sec. 5311 *et seq.,* sobre alimentos entre parientes, la recurrida venía obligada a asistirle económicamente. A base de lo anterior, solicitó la imposición de una pensión alimentaria mensual no menor de tres mil quinientos dólares ($3,500.00). Peticionó, además, que se ordenara a la recurrida mantener comunicación directa con él al menos una vez por semana.

Posteriormente, a solicitud del peticionario, el 2 de junio de 2025, el Foro de Instancia autorizó el emplazamiento por edicto, conforme a lo dispuesto en la Regla 4.6 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6.[2] Luego de transcurrir el término pertinente sin que el peticionario acreditara su cumplimiento con lo anterior, el 7 de octubre de 2025, el referido Foro notificó una *Sentencia,* mediante la cual desestimó la causa de epígrafe, sin perjuicio.[3]

Al día siguiente, el peticionario presentó una *Moción Acompañando Acuse de Envío, Solicitud de Anotación de Rebeldía y Dicte Sentencia.[4]* En la misma, el peticionario alegó que envió por correo postal el emplazamiento, junto a los documentos pertinentes. No obstante, arguyó que de las plataformas del Servicio Postal de los

---

[1] SUMAC del Tribunal de Primera Instancia, Entrada Núm. 1.
[2] *Íd.*, Entrada Núm. 6.
[3] *Íd.*, Entrada Núm. 8.
[4] *Íd.*, Entrada Núm. 9.

Estados Unidos surgió que, el 29 de junio de 2025, la recurrida rechazó recibir el mismo. Por consiguiente, el peticionario solicitó que se le anotara la rebeldía, y se emitiera el dictamen correspondiente.

De primera instancia, el 10 de octubre de 2025, el Foro Primario denegó la petición.[5] No obstante, tras presentar una solicitud de reconsideración, el 15 de enero de 2026, el Foro *a quo* dejó sin efecto el dictamen antes emitido, y anotó la rebeldía de la recurrida. Sin embargo, el Tribunal de Primera Instancia determinó que, conforme a lo dispuesto en la Regla 45.2 (b) de las de Procedimiento Civil, 32 LPRA Ap. V., R. 45.2, previo a dictar sentencia en rebeldía, era necesario celebrar una vista evidenciaria, por lo que citó a las partes para el 23 de febrero de 2026.

Tras varios incidentes procesales, el 17 de febrero de 2026, el Tribunal de Primera Instancia notificó una *Orden*, mediante la cual le requirió al peticionario que debía comparecer con representación legal al aludido señalamiento.[6] Llegado el día, el 23 de febrero de 2026, compareció únicamente el peticionario. Surge de la *Minuta* de los procedimientos que el señor Sánchez Rivoleda informó haberse comunicado con dos (2) entidades para obtener representación legal, gestiones que resultaron infructuosas. Por ello, el Tribunal de Primera Instancia le orientó que podía acudir a la Oficina de la Procuradora de las Personas de Edad Avanzada y solicitar su representación, así como ayuda para localizar a la recurrida. Además, el Foro Primario señaló una vista para el 24 de marzo de 2026, y reiteró que el peticionario debía comparecer a la misma representado. Por igual, el Foro *a quo*, ordenó a la Oficina de la Procuradora de las Personas de Edad Avanzada, en un término de

---

[5] *Íd.*, Entrada Núm. 10.
[6] *Íd.*, Entrada Núm. 29.

quince (15) días, a informar si tenían alguna objeción para representar al señor Sánchez Rivoleda en la presente causa.

Así las cosas, el 24 de marzo de 2026, compareció el peticionario, representado por el Lcdo. Wilfredo Picorelli Osorio (en adelante, licenciado Picorelli Osorio), así como el Procurador Auxiliar de PROSPERA, el Lcdo. Alexander Bravo Colón (en adelante, Procurador).[7] Surge de la respectiva *Minuta* que ambos abogados intercambiaron números de teléfono para trabajar en conjunto. Además, emana que el Procurador informó haber encontrado información adicional que podría ser beneficiosa para establecer una comunicación con la recurrida. En consecuencia, el Foro Primario ordenó al Procurador presentar por escrito dicha información, en un término de diez (10) días. Igualmente, resaltó que su intención era lograr que el dictamen que se pudiese emitir en su día pudiera ser efectivo y ejecutable. Siendo así, el Foro de Instancia citó a las partes para el 9 de junio de 2026, y le requirió nuevamente al señor Sánchez Rivoleda que debía comparecer a la misma con su representación legal.

Luego, el 31 de marzo de 2026, el Procurador presentó una *Moción Informativa en Solicitud de Intervención y en Cumplimiento de Orden.*[8] En su escrito, informó su disposición para representar legalmente al señor Sánchez Rivoleda en la causa de epígrafe. Igualmente, solicitó acceso al expediente confidencial del caso. Además, esbozó que llevó a cabo una investigación que resultó en la producción de información que podría dar con el paradero de la recurrida.

Así las cosas, 6 de abril de 2026, el Tribunal de Primera Instancia notificó la *Resolución y Orden* recurrida.[9] En la misma, el

---

[7] *Íd.*, Entrada Núm. 50.
[8] *Íd.*, Entrada Núm. 43.
[9] *Íd.*, Entrada Núm. 44.

Tribunal Primario autorizó la co-representación del Procurador y el licenciado Picorelli Osorio. Igualmente, ordenó al Procurador a informar las gestiones realizadas para localizar a la recurrida, en un término de diez (10) días. Además, ordenó a las partes a llevar a cabo los procesos de mediación dispuestos en la *Ley para el Fortalecimiento del Apoyo Familiar y Sustento de Personas de Edad Avanzada,* supra.

Inconforme, el 22 de abril de 2026, el peticionario presentó, por derecho propio, el recurso de *Certiorari* que nos ocupa. En el mismo, señala la comisión del siguiente error:

> Erró el TPI al decretar en su Resolución y Orden de 24 de marzo de 2026, notificada el 6 de abril de 2026, y emitió Orden al Programa Para el Sustento de Personas de Edad Avanzada (PROSPERA), para que informe al Tribunal, en un término de 10 días, sobre las gestiones realizadas para la localización de la parte demandada. Además, le ordena llevar a cabo los procesos dirigidos al proceso de mediación entre las partes, conforme a los términos establecidos en la Ley para el Fortalecimiento del Apoyo Familiar y Sustento de Personas de Edad Avanzada. Esto fue ordenado el 24 de marzo de 2025 e ignorado por la parte demanda.

Luego de examinar el expediente de autos, estamos en posición de disponer del asunto en controversia.

## II

Es sabido que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el

vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada*, In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los Foros Primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una

inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018).

### III

En el caso ante nos, la peticionaria sostiene que el Tribunal de Primera Instancia incidió al concederle un término al Procurador para informar las gestiones realizadas para dar con el paradero de la recurrida, así como al exigir que las partes cumplieran con el proceso de mediación. Plantea que, ante la incomparecencia de la recurrida, procede que el Foro *a quo* dicte sentencia en rebeldía. Habiendo examinado el referido planteamiento, *denegamos* la expedición del auto solicitado.

Tras revisar el expediente ante nuestra consideración, no identificamos fundamento jurídico alguno que justifique revocar la determinación impugnada. No surge que el Tribunal de Primera Instancia haya incurrido en error manifiesto o ejercido de forma indebida en la discreción que le confiere nuestro estado de derecho. Más bien, se desprende de los documentos que nos ocupan que las actuaciones del Foro Primario responden al interés de encaminar el trámite procesal de forma tal que cualquier dictamen que eventualmente recaiga pueda ser susceptible de ejecución, de asistirle razón al peticionario en su reclamación. Por tanto,

concluimos que no se configura una excepción que nos permita apartarnos de la norma de abstención judicial que rige nuestra intervención.

Por otra parte, es menester destacar que emana del expediente en autos que el peticionario está debidamente representado por el Procurador de PROSPERA, así como por el licenciado Picorelli Osorio. En atención a ello, procede recordarle al peticionario que toda gestión procesal deberá realizarse por conducto de su representación legal, conforme a lo dispuesto por la Regla 9.4 de las de Procedimiento Civil, 32 LPRA Ap. V., R. 9.4.

Siendo así, al amparo de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto que nos ocupa.

**IV**

Por los fundamentos antes esbozados, *denegamos* la expedición del recurso de *Certiorari.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones